

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case:2:11-cr-20305<br>Judge: Hood, Denise Page<br>MJ: Whalen, R. Steven<br>Filed: 05-11-2011 At 04:36 PM<br>INDI:USA .V DENNY ROBINSON (KB) |
| vs. | |
| | VIOLATIONS:   18 U.S.C. § 371 |
| D-1   **DENNY ROBINSON** | 18 U.S.C. § 201(b)(2)(A) |
| Defendant._____/ | |

## INDICTMENT

The Grand Jury Charges that:

### COUNT 1

**18 U.S.C. §§ 201(b)(2)(A) & 371**
**Conspiracy to Commit Bribery**

D-1   **DENNY ROBINSON**

### INTRODUCTION

1. At all times material to this indictment, DENNY ROBINSON was a public official in that he was an employee of the United States Postal Service (hereinafter "Postal Service"). The Postal Service is an agency of the United States government.

2. At all times material to this indictment, ROBINSON was employed either as an acting supervisor or supervisor at the Vehicle Maintenance Facility of the Postal Service located in Detroit, Michigan. This facility was responsible for maintaining and repairing vehicles used by employees of the Postal Service. As part of his duties, ROBINSON made decisions and provided input into the decisions of other Postal Service employees regarding whether Postal Service vehicles should be sent to private contractors for repair and maintenance work. ROBINSON also made decisions and provided input into the decisions

of other Postal Service employees regarding the particular private contractor that would be selected to conduct the repair and maintenance work.

3. Private Contractor A has been a contractor for the Postal Service for approximately seven years. Private Contractor A operated a garage capable of doing repair and maintenance work on cars and trucks. Between 2004 and 2010, the Postal Service paid Private Contractor A approximately $13,072,000 for work performed on Postal Service vehicles.

## THE CONSPIRACY

4. From approximately in or about October 2006 until October 2010, in the Eastern District of Michigan, Southern Division, DENNY ROBINSON did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with Private Contractor A to corruptly receive, accept, and agree to receive or accept things of value for ROBINSON in return for ROBINSON being influenced in the performance of his official acts, in violation of Title 18, United States Code, Section 201(b)(2)(A).

## MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

5. It was part of the conspiracy that Private Contractor A agreed to give ROBINSON thousands of dollars in cash and thousands of dollars in free service work on ROBINSON's personal vehicles. While ROBINSON was acting supervisor at the Vehicle Maintenance Facility in Detroit, Private Contractor A gave ROBINSON approximately $1,500 per month. After ROBINSON became a supervisor at the facility, Private Contractor A gave ROBINSON approximately $2,000 per month. Private Contractor A also gave ROBINSON approximately $3,000 to $4,000 worth of free service work on ROBINSON's personal vehicles. ROBINSON also asked Private Contractor A for $4,000 so that ROBINSON could purchase a custom-modified, high-performance 1972 Ford Pinto. Private Contractor A supplied the $4,000 to ROBINSON, and ROBINSON purchased the car. In or about

December 2006, Private Contractor A gave ROBINSON approximately $4,000 in cash so that ROBINSON could purchase a 2001 Chrysler Town & Country Minivan. Private Contractor A had purchased the minivan at an automobile auction. ROBINSON used the cash to purchase a cashier's check for $4,081, and he then gave the check to Private Contractor A in exchange for the van in order to disguise the transaction from law enforcement.

6. In return for these things of value, ROBINSON agreed to and did make efforts to direct repair and maintenance work on Postal Service vehicles to the business of Private Contractor A. Private Contractor A then performed the work on the Postal Vehicles from the Detroit Vehicle Maintenance Facility.

## OVERT ACTS

In furtherance of the unlawful conspiracy, and to effect its objectives, the co-conspirators committed the following overt acts, among others:

7. On or about December 14, 2006, Private Contractor A purchased a 2001 Chrysler Town & Country Minivan at an automobile auction.

8. On or about December 15, 2006, Private Contractor A gave approximately $4,081 in cash to ROBINSON.

9. On or about December 15, 2006, ROBINSON deposited approximately $4,000 in cash into his bank account.

10. On or about December 15, 2006, ROBINSON purchased a cashier's check for $4,081 made out to a company of Private Contractor A.

11. On or about January 22, 2010, Private Contractor A performed repair work on a Postal Service vehicle at a charge to the Postal Service of $7,470.

12. On or about March 10, 2010, Private Contractor A performed repair work on a

Postal Service vehicle at a charge to the Postal Service of $1,995.

13. On or about April 2, 2010, Private Contractor A performed repair work on a Postal Service vehicle at a charge to the Postal Service of $1,975.

14. In or about June 2010, Private Contractor A gave ROBINSON $2,000 in cash.

15. In or about July 2010, Private Contractor A gave ROBINSON $2,000 in cash.

16. On or about July 7, 2010, Private Contractor A performed repair work on a Postal Service vehicle at a charge to the Postal Service of $1,995.

17. In or about August 2010, Private Contractor A gave ROBINSON $2,000 in cash.

18. In or about September 2010, Private Contractor A gave ROBINSON $2,000 in cash.

19. In or about October 2010, Private Contractor A gave ROBINSON $2,000 in cash.

In violation of Title 18, United States Code, Sections 371 and 201(b)(2)(A).

## COUNT 2

### 18 U.S.C. § 201(b)(2)(A)
### Bribery

**D-1    DENNY ROBINSON**

On or about November 12, 2010, in the Eastern District of Michigan, Southern Division, DENNY ROBINSON, a public official, did knowingly and corruptly accept $2,000 in cash from Private Contractor A in return for being influenced in the performance of an official act; in violation of Title 18, United States Code, Section 201(b)(2)(A).

## COUNT 3

### 18 U.S.C. § 201(b)(2)(A)
### Bribery

**D-1     DENNY ROBINSON**

On or about December 1, 2010, in the Eastern District of Michigan, Southern Division, DENNY ROBINSON, a public official, did knowingly and corruptly accept $2,000 in cash from Private Contractor A in return for being influenced in the performance of an official act; in violation of Title 18, United States Code, Section 201(b)(2)(A).

## COUNT 4

### 18 U.S.C. § 201(b)(2)(A)
### Bribery

**D-1     DENNY ROBINSON**

On or about December 21, 2010, in the Eastern District of Michigan, Southern Division, DENNY ROBINSON, a public official, did knowingly and corruptly accept $2,000 in cash from Private Contractor A in return for being influenced in the performance of an official act; in violation of Title 18, United States Code, Section 201(b)(2)(A).

## COUNT 5

### 18 U.S.C. § 201(b)(2)(A)
### Bribery

**D-1     DENNY ROBINSON**

On or about January 5, 2011, in the Eastern District of Michigan, Southern Division, DENNY ROBINSON, a public official, did knowingly and corruptly accept $2,000 in cash from Private Contractor A in return for being influenced in the performance of an official act; in violation of Title 18, United States Code, Section 201(b)(2)(A).

## COUNT 6

## 18 U.S.C. § 201(b)(2)(A)
### Bribery

**D-1  DENNY ROBINSON**

On or about January 31, 2011, in the Eastern District of Michigan, Southern Division, DENNY ROBINSON, a public official, did knowingly and corruptly accept $2,000 in cash from Private Contractor A in return for being influenced in the performance of an official act; in violation of Title 18, United States Code, Section 201(b)(2)(A).

## CRIMINAL FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

1. Upon conviction of conspiracy to commit bribery in violation of Title 18, United States Code, Sections 371 and 201(b)(2)(A), as alleged in Count 1 of this Indictment, and/or upon conviction of one or more counts of bribery in violation of Title 18, United States Code, Section 201(b)(2)(A), as alleged in Counts 2 through 6 of this Indictment, Defendant DENNY ROBINSON shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to bribery in violation of Title 18, United States Code, Section 201(b)(2)(A).

2. Property subject to criminal forfeiture to the United States includes, but is not limited to, the following:

    a. United States Currency in the amount of $2,000 accepted by ROBINSON on November 12, 2010;

    b. United States Currency in the amount of $2,000 accepted by ROBINSON on December 1, 2010;

  c. United States Currency in the amount of $2,000 accepted by ROBINSON on December 21, 2010;

  d. United States Currency in the amount of $2,000 accepted by ROBINSON on January 5, 2011;

  e. United States Currency in the amount of $2,000 accepted by ROBINSON on January 31, 2011; and

  f. United States Currency in the amount of $56,000 accepted by ROBINSON between October 2008 and October 2010.

3.  Substitute Assets: Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), Defendant ROBINSON shall forfeit substitute property, up to the value of the properties described in paragraph 2 above, if, by any act or omission of the defendant, the property described in paragraph 2 cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a

third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

                THIS IS A TRUE BILL

                s/Grand Jury Foreperson
                FOREPERSON

                Dated: May 11, 2011

BARBARA L. MCQUADE
United States Attorney

s/David A. Gardey
DAVID A. GARDEY
Assistant United States Attorney

Dated: May 11, 2011

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ NO ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)'<br>Indictments issued today:<br>U.S. v. Jeffrey Adams<br>U.S. v. Gregory Gorski<br>U.S. v. Mancer Holmes<br>U.S. v. Bruce Plumb | Case:2:11-cr-20305<br>Judge: Hood, Denise Page<br>MJ: Whalen, R. Steven<br>Filed: 05-11-2011 At 04:36 PM<br>INDI:USA .V DENNY ROBINSON (KB) |
| ■ Yes     ☐ No | AUSA's Initials: DAG |

**Case Title:** USA v. Denny Robinson

**County where offense occurred :** Wayne

**Check One:**     ■ Felony     ☐ Misdemeanor     ☐ Petty

   XX   Indictment/____Information --- **no** prior complaint.
   ____Indictment/____Information --- based upon prior complaint [Case number: ]
   ____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____     **Judge:** _____

   ☐   Original case was terminated; no additional charges or defendants.
   ☐   Corrects errors; no additional charges or defendants.
   ☐   Involves, for plea purposes, different charges or adds counts.
   ☐   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 11, 2011
Date

DAVID A. GARDEY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9591
Fax: (313) 226-3413
E-Mail address:  David.Gardey@usdoj.gov

---

' Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09